David J. McGlothlin, Esq. (SBN: 026059)
**Hyde & Swigart**
One E. Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for the Plaintiff
Lasonia Breham

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Lasonia Breham<br><br>                  Plaintiff,<br><br>v.<br><br>Asset Acceptance LLC<br><br>                  Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Lasonia Breham, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Asset Acceptance LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

7. Because Defendant has an office located within the State of Arizona and does business within the State of Arizona, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Tempe, County of Maricopa, State of Arizona.

10. Defendant is located in the City of Warren, the County of Macomb, and the State of Michigan.

11. Defendant has an office located within the State of Arizona.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. Sometime before October 2, 2008, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before October 2, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debts.  Plaintiff currently takes no position as to the validity of these alleged debts.

19. Subsequently, but before October 2, 2008, the alleged debts were assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about October 2, 2008, Plaintiff began working in Defendant's Arizona office.

21. When Plaintiff began working for Defendant, Defendant informed Plaintiff that if they discovered Plaintiff has an account with Defendant, that Plaintiff agrees to "resolve" that account.

22. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

23. On or about February 2009, Defendant received an email from Defendant's agent, Priscilla, who was working in human resources. This email only stated "Please see me."

24. Upon receiving this email, Plaintiff went to speak to Priscilla in her office. Priscilla then identified several accounts that were allegedly owed by Plaintiff, and requested that Plaintiff pay them.

25. Plaintiff then explained her reasoning why she felt she should not have to pay on the alleged debts. All of the accounts were well outside of the statute of limitations, and all but one were not even on Plaintiff's credit report anymore. Furthermore, one account was previously paid for by Plaintiff.

26. Defendant's agent, Priscilla then informed Plaintiff that Plaintiff should return to her desk and then call the agent handling her accounts, who was located in the same building, and dispute the accounts. Priscilla informed Plaintiff that the collector handling Plaintiff's account was Defendant's agent, "Gonzelee."

27. Plaintiff then returned to her desk as instructed, called her coworker, Defendant's agent Gonzelee. During this telephone call Plaintiff updated all of her information, and then disputed she owed the alleged debt. Defendant's agent Gonzelee informed Plaintiff she would send Plaintiff paperwork referred to as a "Prior Paid Packet" for Plaintiff to dispute the debt.

28. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or

1  judgment would be mailed to Plaintiff by Defendant and that Defendant
2  would provide Plaintiff with the name and address of the original creditor.
3  This omission by Defendant violated 15 U.S.C. § 1692g.

29. Plaintiff never received the papers Defendant stated they would mail her. Defendant again requested the papers be sent on more than one occasion but to no avail.

30. These actions were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

31. Throughout the months of February, March, April, and May, Defendant's agent would email Plaintiff's work email in an attempt to collect the alleged debts.

32. In these emails Defendant's agent Gonzelee threatened Plaintiff with termination if she did not pay the alleged debt.

33. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

34. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

35. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

36. Defendant failed to disclose in this initial written communication with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

HYDE & SWIGART
Phoenix, Arizona

37. Defendant was aware that Plaintiff would have to read these emails at work in a non-private setting, and Defendant was also aware that there would be a high likelihood of the possibility of a third person seeing these emails.

38. On or about April 21, 2009, Defendant's coworker was in a position to see Plaintiff's email, and in fact saw and read one of he debt collection emails sent by Defendant's agent Gonzelee to Plaintiff in an attempt to collect the alleged debt.

39. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

40. On or about May 7, 2009, Plaintiff filed a company complaint due to the harassment and violation of her rights that she felt was occurring by Defendant's attempts to collect the alleged debt.

41. On or about May 27, 2009, Defendant's agent Priscilla again requested to see Plaintiff in her office.

42. During this meeting Defendant's agent, Priscilla informed Plaintiff that Defendant had determined that Defendant's agent, Gonzelee had not broken any rules and that her complaint was closed. Also during this conversation Defendant's agent, Priscilla, again requested the alleged debts be paid and threatened Plaintiff with termination if she did not pay the alleged debt.

43. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

44. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

45. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

46. During this meeting Defendant's agent, Priscilla, showed Plaintiff the document that Plaintiff signed stating she would "resolve" all accounts. Plaintiff and Defendant's agent Priscilla agreed that nowhere on this document did it say that Defendant required Plaintiff to "pay" the alleged debts, and it only required that Plaintiff "resolve" the alleged debts.

47. During this meeting, Priscilla explained she is attempting to "resolve" the alleged debts, and again explained her reasoning on why she should not be required to pay them. Again Plaintiff explained that the debts were outside the statute of limitations, off her credit report, or previously paid by her.

48. On or about June 3, 2009, Defendant's agent Priscilla again met with Plaintiff. During this conversation, Plaintiff was presented with documents and asked to sign them, authorizing Defendant to withdraw money from Plaintiff's paychecks each pay period to pay the alleged debts.

49. Plaintiff agreed to discuss this with her husband.

50. On or about June 18, 2009, Plaintiff was again called into Defendant's agent Priscilla's office. Defendant's agent Priscilla again attempted to collect the alleged and disputed debt. Plaintiff then agreed she would pay one of the three alleged debts, but she felt the other two were not valid.

51. Defendant refused to accept payment on only one of the alleged debts, and would only accept payment on all three debts.

52. This action was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

53. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

54. Later this same day, Plaintiff was called into Assistant Manager Jarret's office to discuss the alleged debt.

55. During this conversation, Defendant's agent Jarret again threatened Plaintiff with termination by stating, "Do you know how much money you will be losing out on if you don't pay?"

56. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

57. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

58. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

59. Jarret then made Plaintiff accompany him to Defendant's agent Priscilla's office.

60. When they reached Priscilla's office, Jarret informed Priscilla that Plaintiff still refused to pay the alleged debts. At that time, Plaintiff was then informed she was being terminated for not agreeing to pay the disputed debts. Defendant's agent Jarret then escorted Plaintiff to her desk, stood over her as she collected her personal belongings, and then escorted her to the door as all of Plaintiff's coworkers watched.

HYDE & SWIGART
Phoenix, Arizona

61. This action was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

62. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

63. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

64. During the days following Plaintiff's termination, if any of Plaintiff's former coworkers inquired to Defendant's agent Jarret what happened with Plaintiff, they were informed, "She was fired for not paying her bills."

65. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

66. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

67. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

68. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

69. Due to Defendant's actions Plaintiff has suffered actual damages in the form of loss wages, damage to reputation and severe emotional distress and mental anguish in the form of stress, anxiety, sleeplessness, restlessness, humiliation, embarrassment, loss of appetite.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

72. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. Defendant intentionally or recklessly inflicted severe emotional distress on Plaintiff by and through their extreme and outrageous conduct.

75. Such infliction was caused by extreme and outrageous conduct, which was intentional or reckless, and which caused severe emotional distress to Plaintiff.

76. In addition to compensatory damages, Defendants' willful, wanton and malicious conduct entitles Plaintiffs to punitive damages in an amount to be determined by a jury at trial.

## COUNT III

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. Defendant's conduct caused Plaintiff to suffer serious emotional distress.

79. Defendant was negligent, Plaintiff suffered serious emotional distress, and Defendant was a substantial factor in causing Plaintiff's serious emotional distress.

80. Defendant and its employees intentionally caused Plaintiff emotional distress, and/or negligently engaged in outrageous conduct with reckless disregard of the probability of negligently causing Plaintiff to suffer severe and serious emotional distress.

81. As a direct and proximate result of Defendants' outrageous and abusive conduct, Plaintiff has suffered severe and serious mental distress, mental suffering, and/or mental anguish, including stress, sleeplessness, frustration, nervousness, anxiety, worry, embarrassment, lack of appetite and concentration.

82. Defendant acted with oppression, fraud, and/or malice toward Plaintiff in their collection attempts, thereby entitling Plaintiff to punitive damages in an amount according to proof at trial.

83. As a proximate result of Defendant's collection misconduct, Plaintiff has suffered damages in an amount to be determined according to proof at trial.

# COUNT IV

## INVASION OF PRIVACY BY REVELATION OF
## PRIVATE FINANCIAL DATA TO THIRD PARTY

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added)

86. Defendant intentionally interfered, and invaded Plaintiff's privacy of personal financial information by sending collection emails to Plaintiff in a public setting, and with statements made to third parties, including but not limited to, "She was fired for not paying her bills."

87. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

88. Plaintiff had a reasonable expectation of privacy in Plaintiff's financial affairs.

89. These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

90. As a result of such invasions of privacy, Plaintiff is entitled to actual and punitive damages in an amount to be determined at trial.

//
//
//

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

91. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

92. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

93. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94. An award of actual and compensatory damages for the intentional infliction of emotional distress in an amount to be determined at trial;

95. An award of punitive damages to de determined at trial;

## COUNT III

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96. An award of actual and compensatory damages for the negligent infliction of emotional distress in an amount to be determined at trial;

## Count IV

### INVASION OF PRIVACY BY REVELATION OF PRIVATE FINANCIAL DATA TO THIRD PARTY

97. An award of actual damages for the mental anguish suffered by Plaintiff as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial;

98. An award of punitive damages to de determined at trial;

HYDE & SWIGART
Phoenix, Arizona

99. for such other and further relief as may be just and proper.

**TRIAL BY JURY**

100. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: July 16, 2009                    **Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorneys for the Plaintiff