**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lasonia Breham, ) | No. CV-09-1474-PHX-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Asset Acceptance, LLC, ) | |
| Defendant. ) | |

Pending before the Court is the Motion to Strike Jury Demand (Dkt. # 25) filed by Defendant Asset Acceptance, LLC ("Defendant"). For the reasons set forth below, the Court denies the Motion.

**BACKGROUND**

In October 2008, Plaintiff Lasonia Breham ("Plaintiff") began working for Defendant in its Arizona office. Shortly after Plaintiff was hired, Defendant distributed a new "Associate Manual" to employees, including Plaintiff. The Manual contained a Statement of Agreement for employees to sign. Within this statement was a "Jury Trial Waiver" provision. (Dkt. # 12, Ex. 3.) The provision states:

> I WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND OR DISPUTE RELATING TO OR ARISING OUT OF OR IN THE COURSE OF EMPLOYMENT OR TERMINATION THEREOF. I AGREE AND CONSENT THAT ANY SUCH CLAIM, DEMAND OR DISPUTE SHALL BE DECIDED BY THE COURT WITHOUT A JURY.

(*Id.*) Plaintiff signed the Waiver and dated it November 24, 2008.

Because Defendant is a purchaser and collector of consumer debt, Plaintiff also signed paperwork agreeing to "clear up" any outstanding accounts she may have with Defendant when she was hired. Defendant, however, discovered three debts allegedly owed by Plaintiff. Plaintiff contends she attempted to "clear up" these debts, but that Defendant's ensuing efforts to collect on those debts violated the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 *et seq.* (Dkt. # 1 at 4–10.) These alleged violations eventually led to Plaintiff's termination, and they provide the basis of her claims. In raising these claims, Plaintiff also demands a jury trial. (*See id.* at 1.)

On February 19, 2010, Defendant filed this Motion to Strike Plaintiff's Jury Demand. Specifically, Defendant contends that Plaintiff's claims fall within the scope of the Jury Trial Waiver provision discussed above. (Dkt. # 25 at 4.) Plaintiff, in turn, maintains that the Jury Trial Wavier does not apply. She asserts that the Waiver is invalid when evaluated under the Ninth Circuit reasonable expectation and unconscionability standards for analyzing arbitration agreements. (Dkt. # 26 at 5.)

## LEGAL STANDARD

The Ninth Circuit has not addressed the issue of the contractual waiver of a jury trial. In their respective briefs, both parties base their arguments instead upon analysis relating to the validity of arbitration agreements. Those circuits and district courts that have examined the issue, however, consistently apply a different standard for determining the validity of a contractual waiver of the right to jury trial than they apply for determining the validity of an arbitration agreement. Thus, rather than apply the approach asserted by the parties, the Court opts for the legal standard adopted by other circuit courts and the district courts within the Ninth Circuit.

The Seventh Amendment right to a jury trial in federal court is governed by federal law. *Simler v. Conner*, 372 U.S. 221, 221–22 (1963); *see also Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986). Under federal law, there is a strong presumption against the waiver of this fundamental right. *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107

F.3d 1374, 1378 (9th Cir.1997) (holding that courts "must indulge every reasonable presumption against the waiver of the jury trial"). A waiver, however, is enforceable when it is made knowingly, voluntarily, and intelligently. *Phoenix Leasing. v. Sure Broad.*, 843 F. Supp.1379, 1384 (D. Nev. 1994) (citing *Standard Wire & Cable Co. v. AmeriTrust Corp.*, 697 F. Supp. 368, 375 (C.D. Cal.1988)); *see also Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007); *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 756 (6th Cir. 1985); *Leasing Serv.*, 804 F.2d at 832; *Okura & Co. v. Careau Group*, 783 F. Supp. 482, 488 (C.D. Cal. 1991). The factors consistently used by courts to determine whether a waiver was knowing, voluntary, and intelligent include:

> (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous.

*Phoenix Leasing*, 843 F. Supp. at 1384 (quoting *Hydramar, Inc. v. Gen. Dynamics Corp.*, 1989 WL 159267, at *3 (E.D. Pa. Dec. 29, 1989)); *see also Leasing Serv.*, 804 F.2d at 833 (applying these same factors).

There is a split among the circuits regarding which party has the burden of proving these factors. *See Irving Trust*, 757 F.2d at 758 (placing the burden on the party opposing the waiver). *But see Leasing Serv.*, 804 F.2d at 832–33 (placing the burden on the party seeking to enforce the waiver). Since placing the burden of proof on the party seeking to enforce the waiver is most in keeping with the strong presumption against the waiver of this Seventh Amendment right, the Court will follow the approach set forth in *Leasing Serv*. *See id.*; *Phoenix Leasing*, 843 F. Supp. at 1384 (applying this approach in the District of Nevada).

**DISCUSSION**

This suit is predicated upon the jury trial waiver contained in an "Associate Manual" signed by the Plaintiff during the course of her employment. Examining this document in light of the factors articulated above, the Court finds that the waiver fails to meet the knowing, voluntary, and intelligent standard. The waiver, therefore, appears to be unenforceable.

Defendant offers no evidence to suggest that Plaintiff had any equal ability to bargain with her employer. This weighs in favor of denying Defendant's Motion. *See MZ Ventures LLC v. Mitsubishi Motor Sales of Am., Inc.*, 1999 WL 33597219, at *16 (C.D. Cal. Aug. 31, 1999) (observing that defendant's failure to present evidence that plaintiff had equal bargaining power weighed in favor of denying the motion to strike jury demand). Defendant also fails to offer evidence of Plaintiff's business acumen. *See Sullivan v. Ajax Navigation Corp.*, 881 F. Supp. 906, 911 (S.D. N.Y. 1995) (noting that a lack of business acumen weighs against waiver). Defendant further does not present evidence that waiver was negotiable. *See Ginsberg v. Silversea Cruises Ltd*, 2004 WL 3656827, at *2 (S.D. Fla. Mar. 18, 2004) (holding that waiver was invalid where the form included standardized language, was drafted by the defendant, and was nonnegotiable).

Defendant does present evidence that the clause containing the wavier provision was conspicuous. The waiver is in all capital letters, bolded, and clearly labeled "Jury Trial Waiver." This factor alone, however, is not enough to render the waiver knowing, voluntary, and intelligent. *See Sullivan*, 881 F. Supp. at 911 (holding that a "defendant cannot overcome the presumption against a waiver" simply "by referring to the placement and font size of the waiver clause"); *see also MZ Ventures*, 1999 WL 33597219, at *17 (denying motion to strike jury demand even though there was evidence that the waiver was conspicuous).

In light of the lack of evidence of parity in bargaining power, of professional experience on the part of Plaintiff, and of her ability to negotiate the terms of the waiver agreement, the Court finds that the factors set forth in *Phoenix Leasing* weigh against granting the Motion to Strike. *See* 843 F. Supp. at 1384. Nonetheless, to the extent that discovery reveals additional facts suggesting that Plaintiff's waiver was both knowing and voluntary, the Court denies the Motion without prejudice. *See MZ Ventures*, 1999 WL 33597219, at *17 (denying a motion to strike jury demand, but permitting the parties to raise the issue again on summary judgment). Here, additional facts related to and leading up to Plaintiff's signing of the waiver form may prove to be relevant to this issue.

1    **IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Jury Demand
2    (Dkt. # 25) is **DENIED** without prejudice.
3    DATED this 27th day of April, 2010.

_____
G. Murray Snow
United States District Judge